Joe BURK, Appellant,

v.

Myrtle BURK, Appellee.

No. 3255.

Court of Civil Appeals of Texas.

Waco.

May 26, 1955.

Rehearing Denied June 16, 1955.

James D. Buster, Sherman, for appellant.

Cox & Cox, Sherman, for appellee.

TIREY, Justice.

The appellee brought this action under the provisions of Rule 329, Texas Rules of Civil Procedure. Her motion for new trial was filed in the District Court of Grayson County on March 4, 1954, less than two years after judgment had been entered in Cause No. 60037, in the District Court of Grayson County, wherein Joe Burk was granted a divorce from appellee. The record shows that in October of 1952, Joe Burk filed suit for divorce against his wife, Myrtle Burk, appellee herein, in which petition he alleged statutory residence and domicile in Texas, and further alleged that he and appellee had not lived together as husband and wife for a period of twelve years. He attached an affidavit to his petition in which he stated that the residence of defendant was unknown to him, and citation duly issued by publication in due form. Thereafter, on December 8, 1952, the trial court appointed an attorney to represent the absent defendant and the cause proceeded to trial and judgment was entered in favor of Joe Burk, plaintiff, wherein he obtained a divorce against Myrtle Burk, defendant, in Cause No. 60037.

Appellee, in her motion for new trial, set out, among other things, that she did not appear in person or by attorney of her own choice at said trial and did not know of the filing of said suit and did not learn of such suit until a short time before she filed her motion for new trial, as provided under Rule 329, T.R.C.P. (see cases collated under the foregoing rule); that said Joe Burk, at the time he filed said suit, was a resident of Comanche, Oklahoma and was not a resident of the State of Texas, and has not since or before the filing of said suit been a resident of the State of Texas.

Joe Burk did not appear in person but he answered appellee's motion and his attor-

ney was present at the trial and cross-examined the witnesses, and after the testimony was completed and before the court actually entered the judgment, he (the court) made this statement, which is set out in the Statement of Facts: "I will say this, from the evidence before the Court in this trial, a fraud was perpetrated upon the Court at that time. I mean, of course, Mr. Buster was not an attorney (for Joe Burk) and as a matter of fact I was not on the bench. There were no parties now here at that time, and no one here was guilty of any blame. I think that the evidence here shows that the plaintiff undoubtedly fooled his own lawyer and everybody * * * for reasons best known to him * * *."

Thereafter the court granted appellee's motion for new trial and in the judgment we find this recital: " * * * the Court finds that the material allegations of fact are with Myrtle Burk and against the said Joe Burk, and that a new trial should be granted * * * It is therefore ordered that Myrtle Burk be and she is hereby granted a new trial and that the judgment heretofore entered on December 8, 1952 granting the said Joe Burk a divorce and recorded in Vol. 41, p. 154 of the Minutes of the 15th District Court, be and the same is here now in all respects set aside and held for naught. And it further appearing from the evidence that no useful purpose would be served by leaving the above entitled and numbered cause on the docket of this court, and that the petition for divorce filed herein by the said Joe Burk against the said Myrtle Burk on the 20th day of October, 1952, should be dismissed * * * and the same is hereby dismissed." There was no request for findings of fact and conclusions of law and none were made by the court except the finding he made at the conclusion of the evidence herein set out, and the findings made in the decree.

Notwithstanding the appellant has not assailed the findings, nor the implied findings, in the trial court's judgment, we have examined the Statement of Facts and find that the testimony adduced is ample to sustain the findings and implied findings of the trial court.

Accordingly, the judgment of the trial court is in all things affirmed.